UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE
COMMISSION,

                Plaintiff,

   v.

DONALD L. JOHNSON,
                Defendant,
   and

DALILA LOPEZ,

                Relief Defendant.

No. 11 CIV 3618 (VM)

ECF Case



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/12/14

## FINAL JUDGMENT AS TO DONALD L. JOHNSON

The Securities and Exchange Commission having filed a Complaint and Defendant Donald L. Johnson ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $755,066.20, representing proceeds gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $143,041.72. Defendant shall satisfy this obligation by paying $898,107.92 (the "Disgorgement Amount") to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Payment shall be made as follows:

Payment of the Disgorgement Amount shall be made from an IRA Account in Johnson's name (ending in 1884) (hereinafter, "the USAA Account") held and/or managed by USAA Federal Savings Bank, d/b/a USAA Investment Management Company and/or USAA Transfer Agency (collectively, "USAA").

Upon receiving notice of this Final Judgment, which may be by electronic mail or facsimile, USAA is ordered to pay, or cause to be paid, the exact sum of $898,107.92 from Defendant's IRA Account to the Securities and Exchange Commission, as soon as it may reasonably do so, but not later than 14 days from the entry of this Final Judgment, as follows:

If there are insufficient liquid funds in the USAA Account to fund the full Disgorgement Amount of $898,107.92, USAA shall sell, or cause to be sold, sufficient securities in the USAA Account to pay the Disgorgement Amount to the Commission.

If, after the sale of all securities in the USAA Account, as described above, there are insufficient funds in the USAA Account to pay the full Disgorgement Amount to the Commission, USAA shall notify the Commission's counsel of the current balance in the USAA Account, and pay, or cause to be paid, all funds in the USAA Account to the Commission, per the directives set forth herein.

USAA may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. USAA may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

2

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Defendant's name as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

USAA shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The asset freeze entered by the Court in this matter shall be temporarily lifted to allow USAA to comply with the directives set forth herein. Following the Commission's notification to the Court that the Disgorgement Amount has been paid in full, as outlined above, the asset freeze ordered and entered by the Court in this action shall be terminated.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

3

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Defendant Donald L. Johnson to Pay Disgorgement and Prejudgment Interest executed on November 11, 2014, the Judgment as to Donald L. Johnson entered on July 13, 2011 [Docket Entry 4], and the Consent of Donald L. Johnson executed on June 4, 2011 (appended to the July 13, 2011 Judgment) are incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

IV.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: November 12, 2014

_____
UNITED STATES DISTRICT JUDGE
Victor Marrero

SO ORDERED. The Clerk of Court is directed to terminate any pending motions in this action and to close this case.

SO ORDERED.

11-12-14
Date

_____
Victor Marrero, U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE
COMMISSION,

                Plaintiff,

v.

DONALD L. JOHNSON,

                Defendant,

   and

DALILA LOPEZ,

                Relief Defendant.

No. 11 CIV 3618 (VM)

ECF Case

## CONSENT OF DEFENDANT DONALD L. JOHNSON
## TO PAY DISGORGEMENT AND PREJUDGMENT INTEREST

1.     Defendant Donald L. Johnson ("Defendant") hereby consents to the entry of the Final Judgment in the form attached hereto (the "Final Judgment"), incorporated herein, which, among other things, orders Defendant to pay disgorgement in the amount of $755,066.20 and prejudgment interest thereon in the amount of $143,041.72 for a total of $898,107.92 (the "Disgorgement Amount").

2.     Defendant consents to having USAA Federal Savings Bank, National Financial Services, LLC, and their subsidiaries, affiliates, and representatives (hereinafter, "USAA") sell sufficient securities in Defendant's IRA Account (ending in 1884) in order to pay in full the Disgorgement Amount, and to pay the Disgorgement Amount directly to the Securities and Exchange Commission ("SEC") pursuant to the terms set forth in the Final Judgment.

3. Defendant acknowledges and incorporates by reference herein the terms and conditions contained in the Consent of Defendant Donald L. Johnson executed on or about June 27, 2011, and entered by the Court on July 13, 2011 [included in Docket Entry 4] ("June 27, 2011 Consent"), and the Judgment as to Donald L. Johnson entered by the Court on July 13, 2011 [Docket Entry 4] ("July 13, 2011 Judgment"). Defendant agrees that this Consent, the June 27, 2011 Consent, and the July 13, 2011 Judgment shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

4. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

5. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Judgment.

6. Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal or tax liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal or tax liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of the Final Judgment may have collateral consequences

2

under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

7. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

8. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the July 11, 2011 Judgment and Final Judgment.

Dated: 11 Nov 2014

_____
Donald L. Johnson

STATE OF VIRGINIA   COUNTY OF FAIRFAX

On NOVEMBER 11, 2014, DONALD JOHNSON, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

Larry Grant Burnett
NOTARY PUBLIC
Commonwealth of Virginia
Reg. #7041942
My Commission Expires
November 30, 2014

_____
Notary Public
Commission expires: 11.30.14

Approved as to form:

_____
Daniel J. Hurson, Esq.
1997 Annapolis Exchange Parkway
Suite 300
Annapolis, MD 21401
Attorney for Defendant

3



**UNITED STATES
SECURITIES AND EXCHANGE
COMMISSION**
100 F Street, N.E.
Washington, D.C. 20549

**DIVISION OF
ENFORCEMENT**

Paul W. Kisslinger
Assistant Chief Litigation Counsel

Telephone (202) 551-4427
Facsimile (202) 772-9292
kisslingerp@sec.gov

November 12, 2014

**Via Facsimile
(212) 805-6382**

Honorable Victor Marrero
U.S. District Court
Southern District of New York
500 Pearl Street, Room 1040
New York, NY 10007

Re:   *SEC v. Johnson*, No. 1:11-cv-03618-VM

Dear Judge Marrero:

I am pleased to inform the Court that the parties have reached an amicable settlement of this action. Enclosed please find:

[1]   The executed Consent of Defendant Donald L. Johnson to Pay Disgorgement and Prejudgment Interest, in which Mr. Johnson agrees to the terms of the proposed Final Judgment submitted herewith;

[2]   The proposed Final Judgment as to Donald L. Johnson providing for the payment of disgorgement and prejudgment interest, but waiving civil penalties.

Please let me know if the Court has any questions regarding these submissions.

Respectfully submitted,

Paul W. Kisslinger

Encl.

Cc:   Daniel J. Hurson, counsel for Donald Johnson
      by electronic mail (dan@hursonlaw.com)